UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
Mar 3, 2008
Roberta D. Tabora, Clerk
By: _____ Deputy Clerk

RECEIVED
MAR 03 2008

Greg Jamison

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondents.

Case No. 3:02CR188(SRU)

Motion for Modification of Sentence
Pursuant to 18 U.S.C. § 3582(c)(2)

    **Now Comes**, the Petitioner, Greg Jamison, Pro se, and respectfully moves this Honorable Court requesting that his sentence be reduced in light of a 2007, No. 706 Amendment, which modified the procedure for calculating the level to be used in establishing base offense levels for crack cocaine defendants.

    Petitioner expressly reserves his rights to brief the impact of **Booker** on any ensuing sentencing calculation, should the court choose to grant his motion.

Respectfully Submitted,

*Greg Jamison*

Greg Jamison
Reg. No. 14673-014
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Greg Jamison<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondents. | Case No. 3:02CR188(SRU)<br><br>Affidavit in Support of Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). |

I, **Greg Jamison,** after first being duly sworn, hereby depose and state as follows :

1. I am the petitioner in this action and make this affidavit in support of my motion for modification of my sentence pursuant to 18 U.S.C. §3582(c)(2), Requesting that my sentence be reduced in light of a 2007,amendment, No.706, which applies retroactive to crack cocaine defendants.

2. I am currently a federal prisoner incarcerated at the Federal Correctional Institution - Fairton, P.O. Box 420, Fairton, New Jersey 08320. My Prison Identification number is : 14673-014.

3. On May 7, 2002, the petitioner was arrested and charged with one count of - Possession with intent to distribute five grams or more of Cocaine Base, in Violation of 21 U.S.C. § 841(A)(1)(B).

4. On September 9, 2002, the petitioner appeared in court before the Honorable Stefan R. Underhill, pursuant to a plea agreement, entered into an agreement with the government to plea guilty to the count one of the Indictment. In that agreement, petitioner stipulated to level 32, and a two-level decrease for acceptance of responsibility ( 3E1. ).

5. Petitioner's initial Pre-Sentence Investigation Report assessed the petitioner's base offense level at 34, after two-points were added for Specific Offense Characteristics, under 2D1.1(b)(1). Petitioner at that time did not received an adjustment for acceptance of responsibility.

6. On March 7, 2003, the petitioner was sentenced to 135 months imprisonment and four years Supervised Release. A sentencing range of 135 to 168 months, ( Offense level of 31, after crediting petitioner (3) points for acceptance of responsibility. and a criminal historty category III.

7. The Sentencing Commission recently revised the applicable guidelines and lowered the sentencing range. Therefore, the petitioner seeks to benefit from the change.

8. Section 3582(c)(2) provides :

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentncing range that has subsequent-ly been lowered . . . the court may reduce the term of imprison-ment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with aplicable policy statements issued by the Sentenc-ing Commission. 18 U.S.C.§ 3582(c)(2).

9. In exercising this discretion, the guidelines instruct the court to " Consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." U.S.S.G.§1B1.10(b). The statute also directs the court to consider the factors set forth in 3553(a), including; the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kind of sentence available; any pertinent guideline policy statements; and the need to avoid unwarrented sentencing disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a).

10. Since petitioner have been incarcerated here at this institution, coupled with the fact that he has not been a management problem, and has not had an Incident re-port written against him over the past (5) years; but have received awards in ( FPI ) UNICOR, earned his G.E.D. ( exempt ), as well as other accomplishments, and have demonstrated a willingnes to develop additional skills through participating in, and completion of, all asigned UNICOR tasks. The petitioner respectfully prays this Hono-rable court considers his current accomplishments and also his willingness to develop a positive attitude, as well as skills as part of a positive factor in determining a reduction of his sentence in accordance with 3553(a).

11. Section 3582(c)(2) applies only to amendments to the guidelines that operate retroactively, as set forth in the guideline policy statement, U.S.S,G. § 1B1.10(b).

12. The 2007 amendment modifies the method for determing base offense levels for sentencing purposes. Under the former method, the petitioner's offense level was final based on five (5) grams of cocaine base. This fact, together with his crimi-nal history category, called for a range of 135 to 168 months imprisonment. Under the new 2007 amendment, the amount of cocaine base would correspond to a range of 108 to 135 months imprisonment.

13. The Sentencing Commission expressly made the crack cocaine amendment retroactive; 1B1.10(c). Given this substantial change in the guidelines range under the amendment, the district court should use its discretion by reducing petitioner's sentence.

Wherefore, the petitioner respectfully urges this honorable court to vacate the sentence and re-sentence the petitioner, with all time served applicable, using the guidelines in effect at the time of re-sentencing.

Further Affiant Sayeth Naught.

Dated: _March 3rd_

Respectfully Submitted,

*Greg Jamison*
Greg Jamison
Reg. No. 14673-014
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320

Unit B-Left

## SWORN UNDER PENALTY OF PERJURY

I, **Greg Jamison**, hereby certify under the penalty of perjury that the foregoing is true, correct and complete.

Executed on the _3_ day of _March_ 2008.

_____
Greg Jamison

CERTIFICATE OF SERVICE

I, **Greg Jamison**, hereby certify that I caused to be mailed the within documents upon the following listed party :

>Robert M. Spector
>Assistant U.S. Attorney
>157 Church Street
>New Haven, CT 06510

I also hereby certify that these documents were given to prison officials here at F.C.I. Fairton on _March 3 rd_ 200X, for forwarding to the party(ies) of record. I hereby certify under the penalty of perjury that the forgoing is ture, correct and not misleading; 28 U.S.C. § 1746.

*Greg Jamison* (signature)
Greg Jamison