UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:02CR188(SRU) |
| | : | |
| GREG JAMISON | : | March 6, 2008 |

**GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On April 24, 2003, the defendant, Greg Jamison, was sentenced to 135 months' incarceration. The defendant is not due to be released from incarceration until April 9, 2012. Although the defendant has not yet sought relief based upon the changes to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007, he does appear to qualify for a reduction. For the reasons stated herein, the Government respectfully defers to the Court's discretion on the issue of whether to impose a lower sentence in this case as a result of the retroactive application of the November 1, 2007. Should the Court choose to issue an amended judgment, the Government requests that the Court not reduce the defendant's sentence below 108 months, which is the sentence that would result after a full two-level reduction in the crack cocaine guidelines.[1]

**I.    BACKGROUND**

On July 2, 2002, a federal grand jury sitting in Bridgeport returned a two-count Indictment against the defendant which charged him in Count One with possession with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and in Count Two, with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C.

---

[1] Title 18, United States Code, Section 3582(c) does not provide for the Government to file a motion to modify which can be filed by the Bureau of Prisons, the defendant or on the Court's own motion.

§§ 922(g)(1) and 924(a)(2). The defendant had originally been arrested based on a complaint and released on bond on May 7, 2002; however, his bond was revoked for his failure to report to the Probation Office, and he was remanded into custody on June 25, 2002. See Pre-Sentence Report ("PSR") ¶ 2.

On September 9, 2002, the defendant appeared before United States Magistrate Judge William I. Garfinkel and changed his plea to guilty as to Count One of the Indictment. In doing so, he entered into a written plea agreement. In the written agreement, the parties entered into the following guideline stipulation:

> The Government and the defendant stipulate that the defendant is a career offender, as defined by U.S.S.G. § 4B1.1, and that his applicable Sentencing Guidelines range is 188 to 235 months' imprisonment and $15,000 to $150,000 fine. The base offense level under U.S.S.G. § 4B1.1 is 34; three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 31. A total offense level 31 with a Criminal History Category VI, which the parties calculate the defendant to be as a result of his career offender status under U.S.S.G. § 4B1.1, results in an imprisonment range of 188 to 235 months (sentencing table) and a fine range of $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3). The Government agrees to recommend that the Court sentence defendant at the bottom of the resulting guideline range. This recommendation is not binding on the Court.

The defendant waived his right to appeal or collaterally attack any sentence that did not exceed 235 months.

In addition to the guideline stipulation, the parties entered into a stipulation of offense conduct, which read as follows:

> On January 31, 2002, defendant Greg Jamison, while in the second floor apartment of 24 Cliff Street, in Norwalk, Connecticut, possessed one black nylon book bag containing (1) a large baggie with a large rock of cocaine base; (2) a large baggie with ninety smaller baggies containing cocaine base; and (3) one Beretta .380 caliber handgun bearing serial number G48997. The quantity of cocaine base inside the book bag exceeded five grams. Defendant Jamison knew that the substance he possessed was cocaine base and possessed it with the intent to sell it.

The PSR found that the base offense level under Chapter Two of the Sentencing Guidelines was 32 because the defendant had distributed approximately 80 grams of cocaine base. See PSR ¶ 16. In addition, the PSR concluded that a two-level enhancement was appropriate under U.S.S.G. § 2D1.1(b)(1) because the defendant had possessed a firearm in connection with his drug trafficking activities. See PSR ¶ 17. Finally, the PSR concluded that a three level reduction for acceptance of responsibility was warranted, resulting in an adjusted offense level of 31.

As to criminal history, according to the PSR, since 1996, the defendant had been arrested nine times. The two oldest convictions did not accumulate criminal history points. See PSR ¶¶ 25-26. A total of seven points resulted from the other seven convictions; however, only four of those points were countable under U.S.S.G. § 4A1.1(c). See PSR ¶ 34. In addition, two points were added because the defendant committed this offense while serving a term of state probation. See PSR ¶ 34. As a result, according to the PSR, the defendant fell into Criminal History Category III and faced a guideline incarceration range of 135-168 months. See PSR ¶¶ 34, 39.

The PSR also noted that, according to the stipulation in the plea agreement, the defendant was a career offender. See PSR ¶ 34. Designation as a career offender resulted in the same adjusted offense level of 31, but increased the defendant's criminal history category to VI and the resulting guideline range to 188-235 months. See PSR ¶ 39. The PSR questioned whether the defendant was indeed a career offender. See PSR ¶¶ 36-39. Specifically, the PSR pointed out that one of the defendant's qualifying sale of narcotics convictions arose from a controlled purchase which occurred on February 19, 2001, which was nine months prior to the first controlled purchase that was part of the investigation underlying this case. See PSR ¶ 37. The PSR further pointed out, "[t]he investigation in the instant offense was predicated on intelligence provided by cooperating

3

informants regarding the defendant's ongoing sale of crack cocaine which would include his conduct in the early part of 2001." PSR ¶ 37. Thus, according to the PSR, the Court could conclude, under U.S.S.G. § 1B1.3, that the conduct underlying the prior sale of narcotics conviction was part of the same course of conduct as the conduct underlying this case. See PSR ¶¶ 37-38. The defendant's potential career offender designation did not impact the adjusted offense level because it was the same under Chapter Two or Chapter Four of the Sentencing Guidelines. The designation did, however, increase the defendant's criminal history category from III to VI.

On April 24, 2003, this Court imposed a term of incarceration of 135 months. Based on the Government's recollection of the sentencing hearing, which does not include a review of the sentencing transcript, the Court agreed with the PSR's conclusion that the defendant was not a career offender because his most recent prior sale of narcotics conviction arose from the same course of conduct as the conduct underlying the instant offense. As a result, the Court concluded that the guideline incarceration range was 135-168 months, based on an adjusted offense level of 31 and a Criminal History Category III. The Court's conclusion as to the adjusted offense level was based on its finding that 80 grams of cocaine base was involved in the defendant's conduct and that a two level upward adjustment was appropriate because the defendant possessed a firearm in connection with the drug offense.

## II.    DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective

November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the two-level reduction results in an adjusted offense level of 29 and a guideline incarceration range of 108-135 months. At sentencing, the Court imposed a term of incarceration of 135 months, which was the bottom of the guideline range applicable at the time. It would appear that, applying the new guideline range under November 1, 2007 amendment, the lowest sentence that can be imposed based on the amended guidelines is 108 months, which is the bottom of the amended range.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003); see also Pierre Louie v. United States, 2008 WL 114468 at *7 (D. Me. Jan. 1, 2008) (amendment 706 becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving

eligible sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)"). Indeed, the United States District Court for the Southern District of Illinois has stayed all Section 3582(c) motions based on Amendment 706 until March 3, 2008. See United States v. Wommack, 2008 WL 78782 at *1 (S.D. Ill. Jan. 7, 2008).[3]

> Section 3582(c)(2) provides:
>
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of

---

[3] The Sentencing Commission imposed the delay in light of the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners. Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[4] see also United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

is warranted." Id., comment. (n. 1(B)(I)); see also U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's

original sentence." Id.[5]  Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under

---

[5] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).  In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.  See id.

18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n. 3).[6] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." Id., comment. (n. 3).

In this case, to the Government's recollection, the Court did not want to apply the career offender guideline of 188-235 months because the guideline range was greater than necessary to satisfy the purposes of sentencing. For this reason, the Court applied the somewhat creative argument set forth in the PSR that the defendant was not a career offender because one of his prior sale of narcotics convictions occurred close enough in time to the present case to be considered part of the same course of conduct. The Court then decided that 135 months was the appropriate sentence, in

---

[6] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

light of the defendant's criminal history, the quantity of crack cocaine involved in the offense and the fact that the defendant possessed a firearm in connection with the offense. Because the Court did not conclude that the defendant was a career offender, he appears to qualify for the two-level reduction in the crack guidelines, which was made retroactive on March 3, 2008. As discussed above, the Court has discretion as to whether to reduce the defendant's sentence to account for the full two-level reduction, or some portion of it. The Government simply files this notice to inform the Court that the defendant appears to qualify for retroactive application of the amendment.

### III.    CONCLUSION

In this case, the Government defers to the Court's discretion on the issue of whether, pursuant to 18 U.S.C. § 3582(c), it should lower the defendant's sentence from 135 months' incarceration to a term of incarceration that is no lower than 108 months, which would be the bottom of the applicable guideline range after the full two-level reduction in the crack cocaine guidelines.

>                            Respectfully submitted,
>
>                            KEVIN J. O'CONNOR
>                            UNITED STATES ATTORNEY
>
>
>                            ROBERT M. SPECTOR
>                            ASSISTANT UNITED STATES ATTORNEY
>                            Federal Bar No. ct18082
>                            23d Floor
>                            157 Church Street
>                            New Haven, Connecticut  06510
>                            (203) 821-3700

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of March, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

    Greg Jamison
    Prisoner No. 14673-014
    FCI Fairton
    P.O. Box 420
    Fairton, NJ 08320; and,

    United States Probation Officer Ray Lopez
    United States Probation Office
    915 Lafayette Blvd.
    Bridgeport, CT 06604

    ROBERT M. SPECTOR
    ASSISTANT UNITED STATES ATTORNEY